```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
TIERONE BANK,

                    Plaintiff,

        -against-                        MEMORANDUM AND ORDER
                                         06-CV-0447 (JS)(WDW)
ROSARIA NILES, also known as
Sarina Niles; UNITED STATES OF
AMERICA/INTERNAL REVENUE SERVICE;
NEW YORK STATE DEPARTMENT OF LABOR;
NEW YORK STATE DEPARTMENT OF TAXATION
AND FINANCE; GEOFFREY M. PARKINSON;
LAURA J. NILES FOUNDATION, INC.;
and JOHN DOES NOS. 1-20,

                    Defendants.
----------------------------------------X
Appearances:
For Plaintiff:          Debra Bodian Bernstein, Esq.
                        Tarter Krinsky & Drogin LLP
                        470 Park Avenue South, 14th Flr.
                        New York, NY 10016

For Defendant
Rosaria Niles           Rosaria Niles, Pro Se
                        223 Lakeview Avenue West
                        Brightwaters, NY 11718

United States of        Beth Patricia Schwartz, Esq.
America/IRS             United States Attorneys Office
                        Eastern District of New York
                        One Pierrepont Plaza, 16th Floor
                        Brooklyn, NY 11201

All other Defendants:   No Appearance
```

SEYBERT, District Judge:

On February 1, 2006, Pro se Defendant Rosaria Niles ("Defendant") filed a notice of removal, purportedly removing this action from the Supreme Court for the State of New York, Suffolk County (Index No. 05-16966) to the United State District Court for

the Eastern District of New York. For the reasons explained below this action is REMANDED back to New York Supreme Court, Suffolk County.

After reviewing Plaintiff's pro se filing, it is apparent that the only proffered basis for removal is this Court's federal question jurisdiction. The purportedly removable federal claims, however, are not found in Plaintiff's state court complaint; they are asserted as counter-claims and/or cross-claims by Defendant Niles. Such claims may not serve as the basis of this Court's removal jurisdiction. See Wallace v. Wiedenbeck, 985 F. Supp. 288, 291 (N.D.N.Y. 1998) ("the federal nature of respondents' defense and counterclaim is not sufficient to confer jurisdiction on this Court for purposes of removal"). This is because the removability of a state action is assessed by reviewing the four corners of a plaintiff's complaint - a defendant's counter-claim or affirmative defense does not provide a basis for removal. See Rivet v. Regions Bank of La., 522 U.S. 470, 475, 118 S. Ct. 921, 139 L. Ed. 2d 912 (1998); Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 153-54, 29 S. Ct. 42, 53 L. Ed. 126 (1908).

Here, Defendant Niles does not assert that the state court complaint alleges any federal claims. Indeed, she did not even submit the complaint as part of her voluminous "Notice of

Removal" filing.[1] Such a procedural defect, by itself, would authorize sua sponte remand in this circuit. See 28 U.S.C. § 1446(a) (requiring the filing of "all process pleadings, and orders served upon" a defendant in a removed action); Cassara v. Ralston, 832 F. Supp. 752, 753-54 (S.D.N.Y. 1993) (holding that 28 U.S.C. § 1447(c) authorizes a district court to sua sponte remand actions to state court for defects in removal procedure); see also Mitskovski v. Buffalo & Fort Erie Public Bridge Auth., 435 F.3d 127 (2d Cir. 2006) (impliedly recognizing a district court's right to, sua sponte, remand for procedural defects where the district court acts within 30 days of removal); but see In re Allstate Ins. Co., 8 F.3d 219 (5th Cir. 1993) (finding that district courts lack the authority under 28 U.S.C. § 1447(c) to sua sponte remand actions to state court because of procedural defects); Page v. City of Southfield, 45 F.3d 128, 133 (6th Cir. 1995) (same); Matter of Continental Cas. Co., 29 F.3d 292, 294-95 (7th Cir. 1994) (same).

Accordingly, the Court hereby REMANDS this matter back to New York Supreme Court, Suffolk County.

SO ORDERED.

Dated: Central Islip, New York  /s/ JOANNA SEYBERT
     February 15, 2006  JOANNA SEYBERT, U.S.D.J.

---

[1] It appears that Mr. Salvatore Anthony Bono assisted Defendant in the preparation of the instant filing. Mr. Bono is not a party to this litigation, and there is no indication that he is admitted to practice law in any jurisdiction. Based upon his submission, the Court questions whether Mr. Bono may be engaged in the unauthorized practice of law, which, in New York, is a crime. See Erbacci, Cerone, and Moriarty, Ltd. v. U.S., 923 F. Supp. 482, 485 (S.D.N.Y. 1996).